IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

RHONDA FLEMING,

    Petitioner,

v.                                                         Case No. 4:14cv300-MW/CAS

WARDEN OF FCI TALLAHASSEE,

    Respondent.
_____/

## REPORT AND RECOMMENDATION TO DISMISS § 2241 PETITION

On or about June 18, 2014, Petitioner Rhonda Fleming, proceeding pro se, filed a "placeholder" petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Doc. 1. After direction from the Court, Petitioner filed a § 2241 petition on the appropriate form, along with a supporting memorandum. Docs. 7 and 8. By order dated August 22, 2014, this Court directed the Respondent to file an answer or other response on or before October 21, 2014. Doc. 9.

Before Respondent filed an answer, Petitioner filed several other motions, detailed below, including a motion to amend her § 2241 petition. Docs. 10, 11, 12, 15. On October 20, 2014, Respondent filed a response to the § 2241 petition, with attachments. doc. 16. Petitioner filed a reply and a surreply. Docs. 18, 21. Petitioner also filed motions for sanctions. Docs. 21, 22. By order dated November 17, 2014, this Court allowed Petitioner to proceed on the amended § 2241 petition, Doc. 24, and

directed Respondent to file a response to that petition as well as to Petitioner's pending motions. Doc. 23.

Thereafter, Petitioner filed several other motions. Docs. 25, 29, 30, 31, 32, 34, 35, 38, 39, 41, 43. Respondent filed a motion to strike, Doc. 26, and a motion to dismiss for failure to state a claim, Doc. 45. Petitioner has filed a reply, Doc. 48, as well as a motion for evidentiary hearing, Doc. 47, and a motion for judicial notice, Doc. 49.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B). After careful consideration, the undersigned concludes that Petitioner has not demonstrated entitlement to proceed under § 2241 and, accordingly, this action should be dismissed.

## Background and Procedural History

On April 21, 2009, a jury in the United States District Court for the Southern District of Texas, in case number 4:07cr513, found Petitioner guilty of more than sixty-five (65) counts, including money laundering, in violation of 18 U.S.C. §§ 1956 and 1957; health care fraud, in violation of 18 U.S.C. § 1347; wire fraud, in violation of 18 U.S.C. § 1343; and conspiracy to commit those crimes, in violation of 18 U.S.C. § 371. United States v. Arthur, PACER Criminal Docket for 4:07cr513 (S.D. Texas), Docs. 327 (verdict), 626 (judgment). In the judgment entered February 8, 2010, the district court sentenced Fleming to 360 months in prison, followed by 3 years of supervised release. Id. Doc. 626. The court also ordered Fleming to pay restitution in the total amount of $6,294,315.46, with a lump sum payment of $6,700 due immediately and the balance

due "in installments of 50% of any wages earned while in prison in accordance with the Bureau of Prisons' Inmate Financial Responsibility Program," with "[a]ny balance remaining after release from imprisonment . . . due in equal monthly installments of $500 over the period of supervised release to commence 30 days after release from imprisonment to a term of supervision." *Id.* at 9-10. Fleming, proceeding pro se, appealed her conviction and sentence to the Fifth Circuit Court of Appeals, which affirmed the case on July 15, 2011. United States v. Arthur, 432 F. App'x 414 (5th Cir. 2011).

Thereafter, Fleming filed a series of unsuccessful motions and petitions. On September 13, 2012, she also filed, in the U.S. District Court for the Southern District of Texas, a motion to vacate sentence pursuant to 28 U.S.C. § 2255 and raised nine grounds. *Id.* Doc. 786; *see id.* Doc. 792. In a memorandum and order rendered April 7, 2014, the court denied the § 2255 motion and denied a certificate of appealability. *Id.* Doc. 961. Fleming sought to appeal, *id.* Doc. 968, and her motion for certificate of appealability remains currently pending in the Fifth Circuit. *See* PACER online docket for USA v. Fleming, case no. 14-20246 (5th Cir.).

As indicated above, on or about June 18, 2014, Fleming filed a "placeholder" petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Doc. 1. After direction from the Court, she filed a § 2241 petition on the appropriate form, along with a supporting memorandum. Docs. 7 and 8. By order dated August 22, 2014, this Court directed Respondent to file an answer or other response on or before October 21, 2014. Doc. 9.

Case No. 4:14cv300-MW/CAS

On September 11, 2014, Fleming filed a "Motion for Injunctive Relief/TRO Motion to Amend Petition."  Doc. 10.  In this motion, Fleming explained the then-pending § 2241 petition concerned only one issue, the payment plan ordered by the sentencing court.  *Id.* at 1.  She alleged, however, that after she filed the petition, in retaliation, the prison administration began holding her in the Special Housing Unit (SHU), denying her access to the electronic law library and typewriter, denying her access to mail, denying her access to the administrative remedy procedure, and refusing to comply with the Bureau of Prison rules and the Code of Federal Regulations.  *Id.* at 1-2.  Fleming requested injunctive relief and an evidentiary hearing.  *Id.* at 3-4.

Also on September 11, 2014, Fleming filed an Ex Parte Motion for Subpoena Duces Tecum.  Doc. 11.  In this motion, Petitioner requests the Court "to issue an order of subpoena duces tecum to Centers for Medicare and Medicaid Services for the payment and billing records related to United States v. Rhonda Fleming, No. 4:07cr513-1, in the Southern District of Texas."  *Id.* at 1.  In this motion, Petitioner again acknowledges that she has a § 2241 petition pending "where one claim has been raised regarding the execution of the sentence in the payment of restitution in the amount of over $6.5 million."  *Id.*  Petitioner states she wants to amend her claim "to include a staff retaliation claim, denial of access to courts, and a factual innocence claim."  *Id.* at 2.  Among other things, Petitioner asserts that, during pretrial, she was never provided with the actual Medicare documents involved in her criminal case and the indictment is facially invalid.  *Id.* at 3-5.

On September 15, 2014, Petitioner filed a Motion for Bail Hearing Pending Section 2241 Proceeding. Doc. 12. Petitioner also noted that she was filing an amended § 2241 petition. *Id.* at 2. The amended § 2241 petition was docketed as an attachment to this motion; it includes the original claim as well as five additional claims. *See* Doc. 12 Attach. 1; Doc. 24. Specifically, Petitioner presents the following grounds:

(1) "FCI Tallahassee is violating court ordered payment schedule of restitution."

(2) "Petitioner is factually innocent of charges."

(3) "Petitioner is factually innocent of sentencing enhancements."

(4) "Unconstitutional use of Special Housing Unit."

(5) "Denial of access to courts."

(6) "Retaliation for utilizing access to courts and grievances."

Doc. 24 at 3-6. Petitioner attached a supporting memorandum. *See id.* at 7-15.

On September 20, 2014, Petitioner sent a letter to the Court, with notification that she was being transferred to another prison. Doc. 13. Petitioner noted she had previously requested injunctive relief. *Id.*

On September 23, 2014, Petitioner sent another letter to the Court. Doc. 14. Petitioner stated, "The institution has been made aware that I have a habeas corpus proceeding pending before this Court, however, I believe they are trying to deny this Court jurisdiction over my claims by transferring me." *Id.* Petitioner further stated, "There is a fundamental defect in my conviction and sentence – a true actual innocence claim which could not be raised for two reasons: 1) prosecutorial misconduct based on the self-declared mental impairment of AUSA Albert A. Balboni was not revealed until

March 2014; and 2) even if the mental impairment had been revealed prior to the filing of the Section 2255 motion, the Fifth Circuit forecloses any stand-alone actual innocence claim." *Id.* at 1-2. Petitioner states Medicare is "going to provide the documents needed to prove my factual innocence, specifically, that Medicare did not pay $6.5 million from December 2003 to January 2005, to Hi-Tech Medical and First Advantage Nursing." *Id.* at 2. Petitioner asserts the merits of her claims should be reviewed as a miscarriage of justice. *Id.*

On or about September 29, 2014, Petitioner filed a "Motion for Second Amended of Petition." Doc. 15. In this motion, Petitioner indicated she "was aggressively pulled out of her cell, placed in another area, while her cell was ransacked" under the supervision of correctional officer and assistant warden. *Id.* An incident report was written, a special disciplinary committee was convened, and Petitioner was evidently disciplined. *Id.* at 1-2. Petitioner attached a copy of an Incident Report dated September 25, 2014. *Id.* at 4.

On October 20, 2014, Respondent filed a response to the § 2241 petition, with exhibits. Doc. 16. Respondent did not address Petitioner's pending motions or the amended § 2241 petition Petitioner had filed. *See id.* Respondent noted that Petitioner was being transferred to a facility in Minnesota, FCI-Waseca, but "[t]his transfer does not destroy venue which attaches when an inmate files a § 2241 petition." *Id.* at 1 n.1. Respondent thereafter addressed only Petitioner's original claim, that the Bureau of Prisons is collecting money from her illegally pursuant to the Inmate Financial Responsibility Program. *Id.* at 4-7.

Case No. 4:14cv300-MW/CAS

Page 7 of 14

On October 24, 2014, Petitioner filed a letter indicating she was transferred to a prison in Waseca, Minnesota. Doc. 18. With the letter, Petitioner also filed a reply to the Government's response, but she indicated she had "not received it, however, the last court order instructed me to file any additional briefing by a certain date." *Id.* Petitioner's reply also addressed her amended claims. *See id.*

On October 30, 2014, Petitioner filed another motion with the Court. Doc. 20. She styled this as a Surreply to Government's Response, Motion for Judicial Notice, and Motion for Evidentiary Hearing and Appointment of Counsel. *Id.* Among other things, Petitioner stated that she amended her petition three weeks before the Government filed its response, but the Government did not respond to the additional claims. *Id.* at 1.

On November 2, 2014, Petitioner filed a Motion for Sanctions, Motion for Hearing on Sanctions, and Subpoena Duces Tecum. Doc. 21. Among other things, Petitioner alleged the Respondent's attorney has failed "to investigate the legality of the restitution order, in bad faith, causing the duration of the litigation to be extended." *Id.*

On November 5, 2014, Petitioner filed a Rule 11 Motion for Sanctions. Doc. 22. Petitioner indicated that "[t]o comply with the 'safe harbor' provisions of Rule 11, this Motion will not be filed with the district clerk's office until November 26, 2014." *Id.*

In an order rendered November 17, 2014, this Court found that although Petitioner did file an amended § 2241 petition on September 14, 2014, that amended petition, with a supporting memorandum, was docketed only as an attachment to a Motion for Bail Hearing. Doc. 12. The Court accepted the amended § 2241 petition,

attached to Document 12, as filed, and directed the Clerk to re-file that document with the supporting memorandum as a new docket entry, Document 24. The Court also denied, without prejudice, Petitioner's motions for an evidentiary hearing and appointment of counsel, Doc. 20. The Court directed Respondent to file an amended answer or other response to Petitioner's amended § 2241 petition (Doc. 24) and then-pending motions as outlined above, and further directed that Petitioner could file a reply within the time set by this order, but was not required to do so. Doc. 23.

Petitioner has continued to file various motions. On or about November 13, 2014, she filed a Motion for All Writs Injunctive Relief, a Motion for Right to Counsel of Choice, a Motion for Mandamus Relief, and a Motion for Post-Indictment Evidentiary Hearing on Restrained Property. Doc. 25. Respondent then filed, on November 20, 2014, a Motion to Strike Unsigned Pro Se Filings (Docs. 18, 20, 22, and 24). Doc. 26.

Petitioner then filed ten additional motions. Docs. 29-43. Petitioner also filed a response, Doc. 33, to Respondent's motion to strike, Doc. 26.

On January 16, 2015, Respondent filed a response, with attachments. Doc. 45. Petitioner has filed a reply, Doc. 48, as well as a motion for evidentiary hearing, Doc. 47, and a motion for judicial notice, Doc. 49.

## Analysis

The Judiciary Act of 1789 granted federal courts the power to issue the writ of habeas corpus. See United States v. Hayman, 342 U.S. 205 (1952). The habeas remedy is now codified in 28 U.S.C. § 2241, subsection (c)(3) of which provides that the writ of habeas corpus shall not extend to a prisoner unless the prisoner is "in custody in

violation of the Constitution or laws or treaties of the United States." As noted in Hayman, prisoners must bring habeas corpus applications in the district of confinement. 342 U.S. at 213. Because courts with federal prisons in their jurisdictional boundaries became inundated with habeas petitions, and because the materials, witnesses, and other evidence which had a significant bearing on the determination of the legality of a sentence were generally located in the district where sentence was imposed rather than where the prisoner was confined, in 1948 Congress enacted § 2255 of Title 28. *See* Hayman, 342 U.S. at 212–14, 218; *see also* Wofford v. Scott, 177 F.3d 1236, 1239 (11th Cir. 1999).

The language of § 2255 suggests, and the Eleventh Circuit has expressly concluded, that this statute channels challenges to the legality of the imposition of a sentence, while leaving § 2241 available to challenge the continuation or execution of an initially valid confinement. *See* Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1351–52 (11th Cir. 2008); United States v. Jordan, 915 F.2d 622, 629 (11th Cir. 1990) (explaining § 2255 is primary method of collateral attack on federally imposed sentence). Thus, § 2241 provides an avenue for challenges to matters such as the administration of parole, prison disciplinary actions, prison transfers, and certain types of detention. *See* Antonelli, 542 F.3d at 1352 (petition challenging decision of federal Parole Commission is properly brought pursuant to § 2241); Thomas v. Crosby, 371 F.3d 782, 810 (11th Cir. 2004) (petition challenging pre-trial detention is properly brought pursuant to § 2241); Bishop v. Reno, 210 F.3d 1295, 1304 n.14 (11th Cir. 2000) (petition challenging Bureau of Prisons' administration of service credits, including

calculation, awarding, and withholding, involves execution rather than imposition of sentence, and thus is matter for habeas corpus).

A collateral attack on the validity of a federal conviction and sentence is properly brought under 28 U.S.C. § 2255 in the district of conviction. *See, e.g.*, Antonelli, 542 F.3d at 1351-52; Sawyer v. Holder, 326 F.3d 1353, 1365 (11th Cir. 2003); Jordan, 915 F.2d at 629. The Eleventh Circuit has explained:

> In general, a federal prisoner seeking to challenge the legality of his conviction or sentence has two bites at the apple: one on direct appeal, and one via a § 2255 motion. In the interests of finality, the law generally bars prisoners from filing second or successive § 2255 motions, except when "certified as provided in section 2244[(b)(3)(A)] by a panel of the appropriate court of appeals to contain" either "newly discovered evidence" of actual innocence or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *See* 28 U.S.C. § 2255(h); Gilbert, 640 F.3d at 1309. This bar on second or successive motions is jurisdictional.

Williams v. Warden, Fed. Bureau of Prisons, 713 F.3d 1332, 1339 (11th Cir. 2013). "A petitioner who has filed and been denied a previous § 2255 motion may not circumvent the successive motion restrictions simply by filing a petition under § 2241." Darby v. Hawk-Sawyer, 405 F.3d. 942, 945 (11th Cir. 2005) (citing Wofford, 177 F.3d at 1245); *see, e.g.*, Antonelli, 542 F.3d at 1351.

Title 28 U.S.C. § 2255(e) provides in pertinent part:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis added); <u>Wofford</u>, 177 F.3d at 1238 (quoting § 2255 with added emphasis). The italicized language is known as the "savings clause," and could allow habeas corpus review of a claim barred as successive under § 2255, but only in limited circumstances:

> The savings clause of § 2255 applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

<u>Wofford</u>, 177 F.3d at 1244. Failure to meet a single prong means a petitioner's claim fails. *See* <u>Wofford</u>*,* 177 F.3d at 1244; <u>Flint v. Jordan</u>, 514 F.3d 1165, 1168 (11th Cir. 2008).

In this case, Grounds 2 and 3 of Fleming's amended § 2241 petition, alleging factually innocence of the charges and sentencing enhancements, challenge the validity of her conviction and sentence, not the execution thereof. Doc. 24 at 3-4, 9-11; *see* p. 5*, supra* (listing six grounds raised in amended § 2241 petition). Such challenges are properly brought pursuant to § 2255, not pursuant to § 2241. *See, e.g.*, <u>Antonelli</u>, 542 F.3d at 1351-52; <u>Sawyer</u>, 326 F.3d at 1365; <u>Jordan</u>, 915 F.2d at 629. Notably, as indicated above, her attempt to appeal the district court's denial of her § 2255 motion remains pending in the Fifth Circuit Court of Appeals.

Further, as the Government indicates, as to the remaining grounds, Fleming did not exhaust her administrative remedies within the Bureau of Prisons (BOP). A prerequisite to a § 2241 habeas petition is exhaustion of available administrative

remedies.  *See, e.g.*, Skinner v. Wiley, 355 F.3d 1293, 1295 (11th Cir. 2004) ("We agree with the reasoning of our sister circuits and hold that prisoners seeking habeas relief, including relief pursuant to § 2241, are subject to administrative exhaustion requirements.").  The requirement of exhaustion of remedies is jurisdictional.  Gonzalez v. United States, 959 F.2d 211, 212 (11th Cir. 1992); *accord, e.g.*, Krist v. Eichenlaub, 386 F. App'x 920 (11th Cir. 2010).

In particular, as to Petitioner's first ground alleging violation of the payment schedule, according to the Declaration of Marquitta Franklin, Associate Warden's Secretary and the administrative remedy clerk at FCI Tallahassee, Ms. Fleming filed, on May 3, 2010, at the institution level, while incarcerated at the Federal Medical Center in Carswell, Texas, administrative remedy number 589271-F1, regarding a request to change her Inmate Financial Responsibility Program (IFRP) payments, but that remedy was subsequently withdrawn.  Doc. 45, Ex. 2.  Ms. Franklin states, "Petitioner has not filed any further administrative remedies regarding her IFRP payments, since May 2010."  *Id.*

As to Fleming's final three grounds, alleging unconstitutional use of the SHU, denial of access to courts, and retaliation for accessing courts and filing grievances, according to the Declaration of Glenda Dykes, Legal Instruments Examiner with the BOP Southeast Regional Office, Petitioner attempted to use an exception to the requirement that her request fo be submitted at the institutional level, by labeling those requests "sensitive" and submitting them directly to the regional level in September 2014.  Doc. 45, Ex. 4.  Dykes explains Fleming was notified the requests were not

sensitive and she could re-submit them at the institutional level, but she did not file any additional administrative remedies relative to these grounds:

> 8. First, Ms. Fleming submitted directly to the Southeast Regional Office an administrative remedy request marked "Sensitive" on September 5, 2014 – a date on which she was housed in SHU at FCI-Tallahassee. The request was docketed as #793390-R1. "R1" in the docket designation indicates that Ms. Fleming's request was filed at the regional level. A true and correct copy the request dated September 5, 2014 is appended hereto as Attachment 1.
>
> 9. Ms. Fleming submitted a second request marked "Sensitive" directly to the Southeast Regional Office on September 17, 2014, a date on which she was still housed in SHU at FCI-Tallahassee. In this request, Ms. Fleming alleged, among other things, that she was being denied grievance forms while in SHU – even though she submitted this request on such a grievance form. This request was entered into the system under remedy #794961-R1, a true and correct copy of which is appended hereto as Attachment 2.
>
> 10. Ms. Fleming was promptly notified in both instances that her remedy requests were not "Sensitive" and, further, that she could re-submit the requests at the institutional level. A true and correct copy of these notifications is appended hereto as Attachment 3.
>
> 11. <u>Ms. Fleming has not filed any additional administrative remedy requests since receiving these notifications. Moreover, the records indicate Ms. Fleming has not exhausted her administrative remedies regarding claims of retaliatory placement in the SHU, denial of law library use and denial of SHU Reviews while housed in the SHU during August and September 2014</u>.

*Id.* at 2 (emphasis added).

Notably, according to the Declaration of Roxanne Nelson, a Lieutenant at FCI-Tallahassee during Petitioner's time there, Ms. Fleming was placed in the SHU "due to a security concern regarding her continued housing in the general population." Doc. 45, Ex. 5; *see id.* Ex. 3 (Declaration of Felisha Chentnik, BOP Special Investigative Support

Technician at FCI-Tallahassee). Ms. Nelson also states Petitioner was not denied access to the law library during her SHU placement and attaches copies of log book pages reflecting Ms. Fleming accessed the library on September 11, 21, 23, and 24, 2014. Doc. 45, Ex. 5.

## Conclusion

Review of Grounds 2 and 3 under § 2241 is unavailable because Petitioner Fleming therein challenges the validity of her conviction and sentence, not the execution thereof. As to the remaining grounds, Petitioner did not exhaust her administrative remedies before filing this habeas action. Therefore, it is respectfully **RECOMMENDED** that the amended petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (Doc. 24) be **DISMISSED** for lack of jurisdiction, and all pending motions (Docs. 11, 12, 15, 21, 22, 25, 26, 29-32, 34, 35, 38, 39, 41, 43, 47, 49) be **DENIED as MOOT**.

**IN CHAMBERS** at Tallahassee, Florida, on March 4, 2015.

          S/   Charles A. Stampelos
          CHARLES A. STAMPELOS
          UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

**Within fourteen (14) days after being served with a copy of this report and recommendation, a party may serve and file specific, written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**